BURTIS (COPELAND v.). See Case No. 3,208.

## Case No. 2,214.

### In re BURTON et al.

[9 Ben. 324;[1] 17 N. B. R. 212.]

District Court, S. D. New York. Feb. 16, 1878.

BANKRUPTCY—JURISDICTION— RESIDENCE — PARTNERSHIP — LEAVE TO JUDGMENT CREDITOR TO INTERVENE.

1. Equally, under section 5014 of the Revised Statutes in regard to voluntary bankruptcy, and under section 5021 in regard to involuntary bankruptcy, a debtor must reside within the jurisdiction of the United States when the petition in bankruptcy is filed, in order to give the court jurisdiction to adjudicate him a bankrupt.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. A petition was filed in involuntary bankruptcy against B. and W., as copartners. It showed that B. resided in Canada, and that W. resided in the United States. A creditor who had, before the petition was filed, obtained, by attachment in a state court of New York, a lien on property of the firm in this district, applied to this court, before adjudication, for leave to intervene and oppose the petition, and moved to dismiss the petition, because B. did not reside within the jurisdiction of the United States when it was filed: Held, that the attaching creditor had such an interest that he could intervene; that the court could not adjudge B. a bankrupt; but that it could adjudge W. a bankrupt.

[In bankruptcy. Motion by the Union Bank of Lower Canada, a creditor having a lien by attachment, to dismiss the petition in involuntary bankruptcy, on the ground that Burton was not a resident of the United States. Granted.]

J. M. Guiteau, for attaching creditor.

F. C. Barlow, for debtors.

BLATCHFORD, District Judge. On the 10th of January, 1878, creditors of David G. Burton and George Watson filed in this court a petition in bankruptcy against them. The petition alleges, that, for a period of six months next preceding the date of its filing, Watson resided in the city of New York, and Burton resided at Cumberland, Canada, and that they, as copartners, under the name of Burton & Watson, carried on business in the city of New York, as lumber merchants, for a period of six months next preceding the filing of such petition. An order to show cause was issued on the petition, returnable January 19th, 1878. On such return day separate written consents, signed by each of the debtors, were filed, acknowledging service of the petition and order to show cause, and consenting to an adjudication. The consent of Burton was sworn to and acknowledged in Canada. On such return day, and at the same time with the presentation of such consents, a petition was presented to the court by the Union Bank of Lower Canada, a Canadian corporation, claiming to be a creditor of the copartnership of Burton & Watson, and to have obtained, by proceedings in the supreme court of New York, before the filing of said petition, a lien on property of the said copartnership within this district, by process of mesne attachment, in a suit against the members of said firm, to recover debts due by said firm to said bank. The petition of the bank sets forth, "that said Burton is now, and for two years last past has been, a resident of said Cumberland, in said Canada." The bank prays that it may be allowed to intervene and oppose the bankruptcy petition, and that it may be denied and refused on the ground, among others, that both of the debtors are not residents of the United States. A motion is now made to dismiss the bankruptcy petition for want of jurisdiction, on the ground that, when such petition was filed, Burton did not reside within the jurisdiction of the United States.

The motion is heard on an agreed statement of facts, to the effect, that the debtors are and have been partners, under the name of Burton & Watson, for several years, engaged in manufacturing and selling lumber in Cumberland, Canada, and also for twenty months or so last past in this district; that Watson has resided during the past year in this district; that Burton has, during the past year, and for many years past, resided at Cumberland, Canada, and is not, and never has been, a resident or a citizen of the United States, or domiciled therein, or an inhabitant thereof, except that he has sometimes, within the said twenty months, come within this district to attend to the partnership business, and was so within this district during some part of the month of December last, when he signed and swore to a petition in voluntary bankruptcy, in conjunction with Watson, intended to be filed in this court; that the property attached at the instance of the bank is in this district; and that the question of jurisdiction as affected by residence, domicil, and inhabitancy, is the only question now raised.

Section 5014 of the Revised Statutes, in regard to voluntary bankruptcy, provides, that, "if any person residing within the jurisdiction of the United States, and owing debts provable in bankruptcy exceeding the sum of three hundred dollars, shall apply by petition addressed to the judge of the judicial district in which such debtor has resided or carried on business for the six months next preceding the time of filing such petition, or for the longest period during such six months, setting forth his place of residence, his inability to pay all his debts in full, his willingness to surrender all his estate and effects for the benefit of his creditors, and his desire to obtain a discharge from his debts, and shall annex to his petition a schedule and inventory and valuation, in compliance with the next two sections, the filing of such petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt." Section 5021, in regard to involuntary bankruptcy, provides, that "any person residing and owing debts as aforesaid, who" shall do any one of certain specified acts, "shall be deemed to have committed an act of bankruptcy, and, subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt on the petition, &c." The expression "residing and owing debts as aforesaid," in section 5021, plainly means, as set forth in section 5014, "residing within the jurisdiction of the United States, and owing debts provable in bankruptcy exceeding the amount of three hundred dollars." Equally, under section 5021 and under section 5014, the debtor must reside within the jurisdiction of the United States when the petition in bankruptcy is filed. The construction of section 5021 has always been, that the proper court to which the petition in involuntary bankruptcy is to be presented, is to be determined by the same test which is prescribed in section 5014 in regard to voluntary bankruptcy. But, in addition to presenting the petition to the proper court, as determined by the prescribed test, that it must be addressed to the judge of the judicial district in which the debtor has resided or carried on business for the six months next preceding the time of filing the petition, or for the longest period during such six months, the debtor must be a person who, at the time the petition is filed, resides within the jurisdiction of the United States, whether the petition be one by a debtor or one against a debtor. The debtor may never have resided in the district where the petition is filed, by or against him, and may not reside in that district when the petition is filed, and that district may be the district in which he has carried on business for the six months next preceding the time of filing the petition, but, in addition, the statute requires that he shall, when the petition is filed, reside within the jurisdiction of the United States.

Section 5014 provides, that the petition in voluntary bankruptcy shall set forth the place of residence of the debtor. Section 5021 contains no such requirement as to the petition in involuntary bankruptcy. By general order No. 32, of April 12th, 1875, it is provided, that the several forms specified in the schedules annexed to the general orders previously established by the supreme court, "for the several purposes therein," that is, in the forms, "stated, shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case." Form No. 1 is headed, "Petition by Debtor." It contains no statement of the place of residence of the debtor, other than what may be found in the words: "The petition of —— of the —— of —— in the county of —— and state of —— and district aforesaid." Form No. 54 is headed, "Creditor's Petition." It contains no statement of the place of residence of the debtor, nor any statement that he is "of" any place. Each form contains a statement of the period during which the debtor has resided or carried on business in the district. Blanks printed from these forms, and corresponding therewith, have been used in all the bankruptcy courts, and it is not doubtful that there must be several thousands of petitions on file, in both voluntary and involuntary cases, in the various districts in which the proceedings have been carried to a conclusion, resulting in discharges of bankrupts, and in which the title to large amounts of property has passed, and in which proceedings for composition have been had and carried out, where the petitions wholly fail, in involuntary cases, to state that the debtor resides within the jurisdiction of the United States, and fail, in voluntary cases, to make that statement otherwise than by stating that the debtor is "of" a certain place. So,

in respect to the requirement of the statute, that the debtor must be a person owing "debts, provable in bankruptcy, exceeding the amount of three hundred dollars," before he can petition or be petitioned against. Form No. 1 contains the averment that the debtor "owes debts exceeding the amount of three hundred dollars," and Form No. 55 contains an averment to the same effect, but, in each, the words "provable in bankruptcy" are omitted.

In the present case, at the threshold of these proceedings, the attaching creditor comes into court before there is an adjudication, and, intervening for his interest, makes it appear that the debtor Burton did not reside within the jurisdiction of the United States when the creditors' petition was filed. It is not doubted that the attaching creditor has such an interest as to enable him and entitle him to intervene pro interesse suo, at this stage of the proceedings.

It seems to me, that, on this state of facts, the court cannot adjudge Burton a bankrupt. The insolvency statute of Massachusetts (St. 1838, c. 163, § 1) limited the application, in voluntary cases, to cases of debtors "residing within this commonwealth." Section 19 of the same statute, which authorized proceedings in insolvency against a debtor, on the application of a creditor, provided that the proceedings should be instituted by the application of the creditor "to the judge of probate, or to any master in chancery for the county in which the said debtor resides." In Claflin v. Beach, 4 Metc. [Mass.] 392, one Canfield, residing in Massachusetts, left that state in March, 1841, and became, and thereafter continued to be, a resident in the state of New York. Certain creditors, in February, 1841, attached his property in Massachusetts. Other creditors, in July, 1841, petitioned against Canfield, before a master in chancery, in the county of Massachusetts where he had resided, and a warrant was issued and assignees appointed, who claimed that the attachments were thereby dissolved. The attaching creditors intervened by petition, and objected to the validity of the proceedings, and prayed that they might be stayed. This was done by the court, which held that the master in chancery had no jurisdiction of the case, and that the proceedings before him were unauthorized and could not have the effect to discharge the lien acquired under the attachment, and that the assignees must be enjoined from interfering with the attached property.

In Re Goodfellow [Case No. 5,536], a debtor filed a voluntary petition in bankruptcy, in the district court for Massachusetts, alleging that he resided in Boston, and had carried on business there for fourteen months next preceding the date of his petition. After adjudication a creditor petitioned that the proceedings might be vacated for want of jurisdiction, on the ground that the debtor was a non-resident alien. Judge Lowell entertained the petition, holding that the adjudication might be enquired into. He further found, as a fact, that the bankrupt was domiciled in Boston when his petition was filed. But the case proceeded on the principle, that, although the bankrupt had carried on business in Boston for the statutory time next preceding the date of the filing of his petition, the court could not entertain his petition if he did not reside within the jurisdiction of the United States at such date.

There are cases in the bankruptcy courts where a partner, who has never resided in the United States, in a firm the other members of which reside here, and where all of the partners have carried on business for the required period in the district in which the petition was filed, has been adjudged a bankrupt in connection with his copartners, and the copartnership property found here has been administered under such adjudication. But the question does not seem to have been considered in any published case except that of Goodfellow. I am informed by the district judge of the northern district of New York, that he has adjudged bankrupts all the members of a firm trading here, where one of its members had always resided in Canada, but that the point now under consideration was not raised before him.

There seems to me to be a clear intent in the statute to put a limitation upon the power of the bankruptcy court, by enacting that it shall not assume to adjudge any person a bankrupt who is shown to be not, in fact, a resident within the jurisdiction of the United States when the petition in bankruptcy is filed; and I must hold that, when the question is raised at the stage at which it is raised in this case, by a creditor having the interest which the intervening creditor here has, and the fact of non-residence is shown, the court must refuse to adjudge the debtor a bankrupt.

But it is not proper to dismiss the petition entirely. The petitioning creditors are creditors of Watson, and may have the petition dismissed as to Burton and an adjudication as to Watson. What the consequences of such an adjudication will be is not a question now raised.